UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-85-HRW

PEPPER NICOLE JONES,                                    PLAINTIFF,

v.                     **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in June 2012, alleging disability since January 2010, due to plantar fasciitis, obesity, depression, osteoarthritis, lower disc degeneration, neck and right shoulder pain, persistent pain in right wrist, forearm, shoulder and neck, anxiety (Tr. 256). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 21-34). Plaintiff was 39 years old when she claims her disability began and 44 years old at the time of the hearing decision. Her higher education consists of two years of college (Tr. 257). Her past relevant work experience consists of work as a retail manager, assistant manager and clerk (Tr. 257).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity; neck pain with radiculopathy; right shoulder and arm pain; degenerative arthritis of the forearm and wrists bilaterally with pain/tendinopathy; osteoarthritis affecting the shoulders and hands bilaterally,

2

which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered Listings 1.00, 1.02, 1.04, 11.00, 11.14, 12.04 and 12.06 (Tr. 24-27).

The ALJ further found that Plaintiff could perform her past relevant work as a clerk (Tr. 32) and further determined that she has the residual functional capacity ("RFC") to perform light work, except she can occasionally climb stairs and ramps; occasionally push and pull with the bilateral upper extremities; cannot climb ropes, ladders or scaffolds; can frequently balance and kneel; occasionally stoop, crouch and crawl; occasionally reach overhead bilaterally; frequently handle and finger bilaterally; occasionally operate foot controls; must avoid concentrated vibrations; cannot work at unprotected heights or around hazards; can carry out short, simple instructions, maintain attention for 2 hour segments, make work-related judgments, tolerate routine changes in the work environment, and occasionally interact with the public, coworkers, and supervisors (Tr. 27).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 34).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

3

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ erred by finding that she was not deemed presumptively disabled at Step 3 of the sequential process. Specifically, she contends that her fibromyalgia and musculoskeletal impairments satisfy Listings 1.02, 1.04 or 11.14.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at step three to demonstrate that she has or equals an impairment listed in 20 C.F.R. part 404,

4

subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. As the Defendant notes, this must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 1.02 provides:

> Active rheumatoid arthritis or other inflammatory arthritis. With both A and B.
>
> A. History of persistent joint pain. swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; and
>
> B. Corroboration of diagnosis at some point in time by either.
>
> 1. Positive serologic test for rheumatoid factor; or
>
> 2. Antinuclear antibodies; or
>
> 3. Elevated sedimentation rate; or

5

> 4. Characteristic histologic changes in biopsy or synovial membrane or subcutaneous nodule (obtained independent of Social Security disability evaluation).

20 C.F.R. pt. 404, supt. P, App. 1 §1.02.

To meet the requirements of Listing 1.02, a claimant must satisfy both 1.02A and 1.02B. "Multiple major joints," as used in this listing, include "hip, knee, ankle, shoulder, elbow or wrist and hand." Id. at § 1.00D.

Listing 1.04A refers to evidence of nerve root compression characterized by specific clinical findings; Listing 1.04 B refers to spinal arachnoiditis, confirmed by an operative note or tissue biopsy, and Listing 1.04C refers to lumbar spinal stenosis that results in certain findings on diagnostic imaging techniques and certain specified physical limitations.

> Listing 1.04 provides, in pertinent part:
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or

6

> C. Lumbar spinal stenosis resulting in pseudoclaudication,
> established by findings on appropriate medically acceptable
> imaging, manifested by chronic nonradicular pain and weakness,
> and resulting in inability to ambulate effectively, as defined in
> 1.00B2b.

20 C.F.R. pt. 404, supt. P, App. 1 §1.04.

Listing 11.14 requires a showing of peripheral neuropathies with "disorganization of motor function, as described in Listing 11.04B, in spite of prescribed treatment. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.14. Section 11.04B then requires evidence of "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.04B. And, finally, Listing 11 .00C provides:

> Persistent disorganization of motor function in the form of paresis
> or paralysis, tremor or other involuntary movements, ataxia and
> sensory disturbances (any or all of which may be due to cerebral,
> cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction)
> which occur singly or in various combinations, frequently provides
> the sole or partial basis for decision in cases of neurological
> impairment. The assessment of impairment depends on the degree
> of interference with locomotion and/or interference with the use of
> fingers, hands and arms.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.00.

Plaintiff argues that she meets these Listings because she has sustained disturbance in her ability to ambulate. In support of her argument, Plaintiff refers to records from a July 2013 appointment with Anjum Bux, M.D., wherein he noted that Plaintiff "is having difficulty walking' (Tr. 451).

Yet, "difficulty walking" is not the equivalent of inability to ambulate effectively, which

7

is defined as an "extreme limitation of the ability to walk" and "having insufficient lower extremity functioning...to permit independent ambulation without the use of a hand-held assistive device)s) that limits the functioning of both upper extremities." 20 C.F.R. Pt.404, Subpt. P, App. 1, Listing 1.00(B)(2)(b)(1). In other words, the Listing contemplates an individual who needs to use a walker or two canes while walking. There is simply no evidence in the record that Plaintiff used either assistive device.

Further, "disorganization of motor function" requires a consistent or sustained disturbance of gait and sation. 20 C.F.R. Pt.404, Subpt. P, App. 1, Listings 11.04(B), 11.14. Plaintiff points to a single mention in the record in this regard. Yet the bulk of the medical records refer to Plaintiff's gait as "normal" (Tr. 341, 347, 387, 393, 397, 402 and 406). The record does not support a finding of "sustained disturbance in gait".

With regard to Plaintiff's fibromyalgia, she seems to suggest that the diagnosis of the same by her treating physician is enough to satisfy the Listings. However, the diagnosis of an impairment is not enough. Plaintiff bears the burden of establishing the criteria of the Listing and has failed to do so.

Moreover, Plaintiff mistakenly states that the ALJ rejected the diagnosis. To the contrary, it is clear the ALJ was mindful of Plaintiff's fibromyalgia; he found it to be a "severe" impairment at Step 2.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 2nd day of January, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge